**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SANTANA CLINE dba The Dark Monkey, <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>ETSY, INC.; *et. al.*, <br><br>　　　　　Defendants. | Case No. 2:15–cv–2115–JCM–VCF <br><br> **Report and Recommendation** |

　　This matter involves Plaintiff Santana Cline's copyright infringement action against Defendant Etsy, Inc. Before the court are Etsy's Motion to Compel Arbitration or, Alternatively, Transfer to the Southern District of New York (Doc. #26), Cline's opposition[1] (Doc. #32), and Etsy's reply (Doc. #36).[2] For the reasons stated below, Etsy's Motion to Compel Arbitration should be granted.

**I. Background**

　　Etsy is an online marketplace where users may buy and sell handmade, vintage, or unique goods. (Doc. #27 at 2). Etsy is not directly involved in the sales; the company provides a platform for user-to-user transactions. *Id.* In order to access Etsy, a user must first register on the company's website. *Id.* At the end of registration process, the user is presented with a checkbox that states, "Confirm that you accept our Terms of Use." *Id.* The user is also provided with a hyperlink to Etsy's Terms of Use. The user must click the checkbox in order to complete the registration process. *Id.*

---

[1] Cline entitled her opposition, a "Motion to Strike in Opposition to Etsy LLC's Motion to Compel Arbitration." (Doc. #32). Cline's opposition was docketed as a new motion instead of as an opposition to Etsy's Motion to Compel Arbitration. (Doc. #26). Cline later filed a "Motion in Opposition to Etsy LLC's Motion to Compel Arbitration." (Doc. #38). Docket numbers 32 and 38 are discussed together as Cline's opposition to Etsy's Motion to Compel Arbitration.

[2] Etsy also filed a Notice of Plaintiff's Non-Opposition to its Motion to Compel Arbitration. (Doc. #37). Since the court treats Cline's Motion to Strike in Opposition (Doc. #32) as an opposition to Etsy's Motion to Compel Arbitration, Etsy's Notice of Non-Opposition is of no effect.

Etsy's Terms of Use include the following provisions, which are relevant to the instant motion:

1) "Any dispute arising from or relating to the subject matter of the Agreement shall be finally settled by arbitration in New York County, New York" (hereafter "the arbitration provision"). (Doc. 26-3 at 6).

2) "For all purposes of this Agreement, the parties consent to exclusive jurisdiction and venue in the United States Federal Courts or state courts located in the Southern District of New York (hereafter "the forum-selection provision"). (Doc. 26-3 at 6).

3) "The Agreement shall in all respects be interpreted and construed with and by the laws of the State of New York, excluding conflicts of laws rules, and the United States of America" (hereafter "the choice-of-law provision"). (Doc. #26-3 at 8).

In 2010, Cline registered with Etsy in order to sell products that contained her copyrighted material. In 2013, Etsy terminated Cline's account due to Cline's allegedly poor customer service. (Doc. #27). In November 2015, Cline brought the instant action. Cline alleges that Etsy, along with six other individuals, infringed upon her copyrighted material. This court has federal question subject matter jurisdiction. Etsy now moves to enforce the arbitration provision of its Terms of Use.

## II. Legal Standard

The Federal Arbitration Act (hereafter "the FAA") "requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014). "Under the FAA, the basic role for courts is to determine '(1) whether a valid agreement to arbitrate exists and if it does, (2) whether the agreement encompasses the dispute at issue.'" *Knutson v. Sirius XM Radio Inc.*, 771

F.3d 559, 564-65 (9th Cir. 2014) (citing *Chiron Corp. v. Orth Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

"State contract law controls whether the parties have agreed to arbitrate." *Id.* A federal court in a diversity case, "must apply the conflict of laws principles of the forum state." *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995). "In federal question cases with exclusive jurisdiction … the court should apply federal, not forum state, choice of law rules." *Id.* Federal courts have exclusive jurisdiction over copyright infringement claims. 28 U.S.C. § 1338 ("No State court shall have jurisdiction over any claims for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."). "Federal common law follows the approach of the Restatement (Second) of Conflict of Laws." *Chuidian v. Philippine Nat. Bank*, 976 F.2d 561, 564 (9th Cir. 1992).

**III. Discussion**

The parties present three issues: (1) which state's law governs whether Cline and Etsy formed a valid contract, (2) whether, under the applicable state law, Cline and Etsy formed a valid contract, and (3) whether Cline's copyright infringement claims are within the scope of Etsy's arbitration provision.

1.    <u>New York State Law Governs the Agreement Between Cline and Etsy</u>

"The validity of a contract, in respects other than capacity and formalities, is determined by the law selected by application of the rules of §§ 187-188." Restatement (Second) of Conflict of Law § 200 (1971). "The law selected by application of the rule of Section [200] determines issues of … offer and acceptance, such as whether an acceptance must be express or whether it can be implied from the alleged acceptor's silence or other course of conduct." Restatement (Second) of Conflict of Law § 200 cmt. b.

"The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in

their agreement direct to that issue." Restatement (Second) of Conflict of Law § 187. "Choice-of-law provisions contained in ["adhesion"] contracts are usually respected." Restatement (Second) of Conflict of Law § 187 cmt. b. (an "adhesion" contract is "one drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms").

A court will scrutinize a contract with case and "will refuse to apply any choice-of-law provision [the contract] may contain if to do so would result in substantial injustice to the adherent." Restatement (Second) of Conflict of Law § 187 cmt. b. (an adherent suffers substantial injustice if, under the governing law chosen by the contract's choice-of-law provision, he is barred from recovering for his injuries).

New York state law applies to the instant action. Etsy's Terms of Use provides that, the agreement between the user and Etsy will be governed "by the laws of the State of New York." (Doc. #26-3 at 8). There is no reason not to respect Etsy's choice-of-law provision. The application of New York state law to the instant dispute will not subject Cline to substantial injustice; Cline may still prevail at the arbitration of her copyright infringement claims.

2.     <u>Cline and Etsy Have an Enforceable Contract</u>

"An enforceable contract requires mutual assent to its essential terms and conditions." *Edelman v. Poster*, 72 A.D.3d 182, 184 (N.Y.A.D. 2010). Under New York law, a "click-wrap"[3] contract is enforceable, so long as the consumer is given a sufficient opportunity to read the Terms of Use, "and assents thereto after being provided with an unambiguous method of accepting or decline the offer."

---

[3] A "click-wrap" contract is one which requires the user to click a "Yes" or "I accept" box after being given an opportunity to review, usually via a hyperlink, a website's Terms of Use. *People ex rel Spitzer v. Direct Revenue, LLC*, 862 N.Y.S.2d 816 (Sup. Ct. 2008)

*People ex rel Spitzer v. Direct Revenue, LLC*, 862 N.Y.S.2d 816 (Sup. Ct. 2008); s*ee also Moore v. Microsoft Corp.*, 293 A.D.2d 587, 587-88 (N.Y. App. Div. 2002).

Cline and Etsy have an enforceable contract. Cline registered with Etsy in 2010 and, as part of the registration process, accepted Etsy's Terms of Use by clicking the appropriate checkbox. (Doc. #27 at 2). Cline does not dispute she registered with Etsy and appears to acknowledge she did, at one time, maintain an active account with Etsy. (Doc. #38 at 3). Under New York law, Cline and Etsy formed a valid contract when Cline accepted Etsy's Terms of Use.

Cline's argument, that she has no currently enforceable contract with Etsy, is unpersuasive. Cline mistakenly believes that, since her Etsy account was terminated in 2013, Etsy cannot enforce arbitration provision of its Terms of Use. (Doc. #38 at 3). Under the survival provision[4] of Etsy's Terms of Use, the arbitration and forum-selection provisions of Etsy's Terms of Use survive the termination of Etsy's agreement with Cline. (Doc. #26-3 at 9). The survival provision of Etsy's Terms of Use allows Etsy to enforce the arbitration provision, despite the termination of Cline's Etsy account.

3.      Cline's Copyright Infringement Claims Are Subject to Etsy's Arbitration Provision

Cline's copyright infringement claims are within the scope of Etsy's arbitration provision. Etsy's arbitration provision state that all disputes "arising from or relating to the subject matter of this Agreement" will be submitted for arbitration. Etsy's Terms of Use prohibit users from "infring[ing] upon any third party's copyright, patent or trademark." (Doc. #26-3 at 4). Etsy's alleged misconduct, regarding Cline's copyrighted material, is prohibited by Etsy's Terms of Use; thus Cline's copyright infringement claims "arise from" Etsy's Terms of Use, and are within the scope of Etsy's arbitration provision.

---

[4] Etsy's arbitration and forum-selection provisions "shall survive any termination or expiration of this Agreement." (Doc. #26-3 at 9).

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Etsy's Motion to Compel Arbitration (Doc. #26) be GRANTED.

IT IS FURTHER RECOMMENDED that Etsy's Alternative Motion to Transfer Venue to the Southern District of New York (Doc. #26) be DENIED without prejudice.  If appropriate, Etsy may refile its Motion to Transfer Venue at the conclusion of arbitration.

IT IS FURTHER RECOMMENDED that this action be STAYED pending the conclusion of arbitration.

IT IS SO RECOMMENDED.

DATED this 18th day of February, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE