UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANTANA CLINE, | Case No. 2:15-CV-2115 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ETSY, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendants DT Fashion, LLC ("DT Fashion") and Elliot Fisher's motion to dismiss for lack of personal jurisdiction. (ECF No. 9). *Pro se* plaintiff Santana Cline filed a response. (ECF No. 20). Defendants have not filed a reply, and the time for doing so has passed.

Also before the court is defendant Jennifer Mountain's motion to dismiss for lack of personal jurisdiction. (ECF No. 13). Plaintiff Santana Cline filed a response. (ECF No. 21). Defendant has not filed a reply, and the time for doing so has passed.

Also before the court is defendant Peter Ezanidis' motion to dismiss for lack of personal jurisdiction. (ECF No. 22). Plaintiff filed a response. (ECF No. 30). Defendant has not filed a reply, and the time for doing so has passed.

Also before the court are the report and recommendation of Magistrate Judge Ferenbach. (ECF No. 40). Judge Ferenbach recommends granting defendant Etsy, Inc's ("Etsy") motion to compel arbitration. (ECF No. 26). Plaintiff has filed objections to the report and recommendation (ECF No. 41), and Etsy has filed a response to those objections. (ECF No. 42).[1]

---

[1] Defendant Etsy's counsel labeled the response to the objections as a reply to the original motion to compel when he filed the brief on the court's electronic filing system. (*See* ECF No. 42). The brief is actually a response to the objections. (*See id.* at 1). The court will therefore treat the document as a response to the objections and not a reply brief.

**James C. Mahan**
**U.S. District Judge**

Also before the court is plaintiff's motion for entry of clerk's default against defendant Etsy. (ECF No. 39). Etsy responded to the motion in its response to plaintiff's objections to the report and recommendation. (*See* ECF No. 42 at 10, n.3).

**I.   Background**

*Pro se* plaintiff Santana Cline d/b/a The Dark Monkey, LLC ("Dark Monkey") designs and sells apparel products and other items. (ECF No. 6 at 2). She claims to have first used the phrase "Merry Christmas Ya Filthy Animal" on products more than half a decade ago, including shirts and decals. She asserts that she holds valid copyrights and trademarks to the phrase under United States law.

Defendant Etsy is an online marketplace where users may buy and sell handmade, vintage, or unique goods. (ECF No. 27 at 2). Etsy is not directly involved in the sales; the company provides a platform for user-to-user transactions. *Id.*

Defendants DT Fashion, Elliot Fisher, and Jennifer Mountain (collectively, the "account holder defendants") are individuals or business entities that maintain accounts or "stores" on Etsy's website. They sell "unique goods" from those stores, including apparel. Plaintiff alleges that the defendants have offered and sold apparel that infringes on her copyright and trademarks of the phrase "Merry Christmas Ya Filthy Animal."

Defendant Ezanidis is an attorney who represents defendant DT Fashion. (ECF No. 22 at 2). Plaintiff contends that Ezanidis "knowingly and willfully conspired with other [d]efendants to infringe upon [her] copyright and trademarks . . . by committing tortious interference with her business. (ECF No. 6 at 7).

Plaintiff alleges claims under the copyright right laws of the United States, *i.e.* 17 U.S.C. § 101, *et seq.*, and trademark claims under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). She asserts that the account-holder defendants infringed on her copyrights and trademarks of the phrase "Merry Christmas Ya Filthy Animal." (*See generally* ECF No. 6). Her claims against Etsy revolve around its allegedly willful failure to stop or prevent the account holders from infringing on her supposed intellectual property.

The account holder defendants argue that this court cannot exercise personal jurisdiction over plaintiffs' claims against them. (*See* ECF Nos. 9 and 13). Defendant Ezanidis argues that plaintiff fails to state a claim against him and, alternatively, that the court lacks personal jurisdiction over him. (*See* ECF No. 22). Etsy argues that its terms of use agreement requires

James C. Mahan
U.S. District Judge

- 2 -

plaintiff to arbitrate any claims like those in her complaint and requests that the court compel arbitration. (*See* ECF No. 26). Alternatively, Etsy argues that the same agreement's forum selection clause requires the court to transfer the action to the Southern District of New York. (*Id.*)

## II.  Legal Standard

### A.  *Personal Jurisdiction*

To avoid dismissal for lack of personal jurisdiction on the pleadings, a plaintiff bears the burden of demonstrating that his or her allegations would establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the plaintiff's complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props, Inc. V. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *See Panavision Int'l L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998). Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." N.R.S. § 14.065. An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). To satisfy due process, a court may exercise personal jurisdiction over a defendant only where the defendant has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). These minimum contacts may present in the form of either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *Hubbell Lighting*, 232 F.3d at 1375 (*citing Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to 'constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.''" *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (citations omitted). In making this determination, courts consider "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d at 1131.

**James C. Mahan**
**U.S. District Judge**

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citations omitted).

    *B.*    *Arbitration*

The Federal Arbitration Act ("the FAA") "requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014). "Under the FAA, the basic role for courts is to determine '(1) whether a valid agreement to arbitrate exists and if it does, (2) whether the agreement encompasses the dispute at issue.'" *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564-65 (9th Cir. 2014) (citing *Chiron Corp. v. Orth Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

"State contract law controls whether the parties have agreed to arbitrate." *Id.* A federal court in a diversity case, "must apply the conflict of laws principles of the forum state." *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995). "In federal question cases with exclusive jurisdiction … the court should apply federal, not forum state, choice of law rules." *Id.* Federal courts have exclusive jurisdiction over copyright infringement claims. 28 U.S.C. § 1338 ("No [s]tate court shall have jurisdiction over any claims for relief arising under any [a]ct of Congress relating to patents, plant variety protection, or copyrights."). "Federal common law follows the approach of the Restatement (Second) of Conflict of Laws." *Chuidian v. Philippine Nat. Bank*, 976 F.2d 561, 564 (9th Cir. 1992).

    *C.*    *Report and Recommendation*

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule ("Rule") IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2(a). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of

the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Pursuant to Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen days from the date of service of the findings and recommendations. D. NEV. R. IB 3-2(a). A party must file any response to the objections within fourteen days after service. D. NEV. R. IB 3-2(a).

### III. Discussion

#### A. Defendant Mountain's motion to dismiss

Ms. Mountain argues that personal jurisdiction over her is not proper. (*See* ECF No. 13 at 5). Mountain resides in Springdale, Arkansas, from where she also operates her business. (*See id.* at 3–4). She uses "storefronts" on passive websites like Etsy to sell goods to users around the country. (*Id.*) She does not possess any interests in real property in Nevada, does not maintain an office or other business presence in this district, and has never had any employees, agents, or registered agent for service in Nevada. (*Id.*) Her historical sales in Nevada total $118.94. (*Id.*) She argues general personal jurisdiction is thus improper.

The court finds that general jurisdiction over this defendant is improper. Her only prior contacts with the forum are *de minimis* sales to Nevada residents amounting to $118.94. These contacts do not constitute "the kind of continuous and systematic general business contacts that approximate physical presence" in the forum. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *Callaway Golf Corp. v. Royal Canadian Golf Assoc.*, 125 F.Supp.2d 1194, 1203 (C.D. Cal. 2000). The court thus turns to the question of whether defendant has the minimum contacts necessary to establish specific jurisdiction.

The first prong of the specific jurisdiction test described above is satisfied by either purposeful availment or purposeful direction. *See Schwarzenegger*, 374 F.3d at 802. A purposeful direction analysis is used in suits sounding in tort. *Id.* Plaintiffs' trademark and copyright claims sound in tort. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir.1998).

The Ninth Circuit employs a three-prong test to determine whether a defendant has purposefully directed activities at a forum state. *See, e.g.*, *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). Plaintiff must allege that

James C. Mahan
U.S. District Judge

- 5 -

defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citing *Schwarzenegger*, 374 F.3d at 803).

"It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010) (citing *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir.2007)). In the Ninth Circuit, express aiming "encompasses wrongful conduct individually targeting a known forum resident." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (collecting cases).

Ms. Mountain argues that she could not have committed any intentional act related to plaintiff's trademark claims because plaintiff does not actually own an enforceable federally registered trademark. (ECF No. 13 at 6). She argues further that plaintiff's only connection to the state of Nevada is the fact that her limited liability company ("LLC"), Dark Monkey LLC, is organized under Nevada law. She argues that plaintiff lives in and operates her business entirely from Ohio and has never held herself out to be a Nevada business.

Defendant thus contends that even assuming *arguendo* that she did commit an intentional act infringing on plaintiff's copyright or a valid trademark, she did not aim that act at the state of Nevada or know that any resulting harm would be suffered in Nevada. Finally, Mountain argues that even had she known that Cline was operating through a Nevada LLC, Cline cannot prosecute an action *pro se* on behalf of a corporation or other business entity in federal court. *See Rowland v. California Men's Colony*, 113 S.Ct. 716, 721 (1993). She argues that Cline, so long as she is pursuing her claims in *propia person*, cannot therefore argue that venue or jurisdiction in Nevada is proper based on Dark Money's residency in Nevada.

First, the court notes that Mountain's maintenance of a passive website is not sufficient to satisfy the express aiming prong. *See Brayton Purcell*, 606 F.3d at 1129. Accordingly, plaintiff must demonstrate that defendant did "something more" to trigger this court's jurisdiction. *Id.* The only allegations plaintiff can rely on to show defendant did something more are the allegations of tortious conduct themselves. She must show that defendant intentionally infringed on her copyrights and trademarks, knowing that this would produce injury in this forum. *Id.*

The court finds that plaintiff has failed to demonstrate that Ms. Mountain has the minimum contacts with this forum necessary for the court to exercise specific jurisdiction. Having resolved

James C. Mahan
U.S. District Judge

- 6 -

all factual disputes in plaintiff's favor, the court finds that plaintiff has failed to demonstrate that defendant expressly and knowingly aimed any wrongful conduct at this forum. She cannot therefore satisfy the second and third prongs of the purposeful direction test. *See Schwarzenegger*, 374 F.3d at 803.

Assuming *arguendo*[2] that defendant did in fact willfully infringe on plaintiff's valid copyrights or trademarks—satisfying the first prong of the purposeful direction analysis—, the complaint contains no allegations that Ms. Mountain, or any other defendant for that matter, knew or should have known that defendant operated her business through a Nevada LLC. *See Bancroft*, 223 F.3d at 1087. Injury in this forum was thus not foreseeable or knowing. *See id.*

In her opposition, plaintiff asserts for the first time that "Mountain acted . . . with knowledge of [p]laintiff's business and where they [sic.] were located, and knew that [her] actions would likely have the effect of injuring Cline and The Dark Monkey, LLC in Nevada, its principal place of business." (ECF No. 21 at 9–10).

Cline's convenient assertions that her principal place of business is in Nevada and that defendant knew that was the case are disingenuous. In the complaint, she is careful to describe herself as a business owner in Las Vegas. (*See* ECF No. 6 at 2). Notwithstanding such statements, she fails to include any allegations about any business operations that occur in Nevada. In the motion to dismiss, on the other hand, defendant makes specific allegations about Cline and her business that indicate it is principally operated from the state of Ohio:

> Cline is undeniably a resident of the state of Ohio. Any business transacted by Dark Monkey originates from Cline's home in Ohio. Any merchandise produced by Dark Monkey is produced by Cline in Ohio. Any merchandise shipped is shipped by Cline from Ohio. Even Cline's [a]mended [c]omplaint was mailed from her home in Dublin, Ohio . . . .

(ECF No. 13 at 8). Tellingly, Cline does not respond to or deny those allegations in her opposition, instead making the conclusory claim that her principal place of business is in Nevada.

At this stage in the proceedings, the court must accept uncontroverted allegations in the complaint as true and resolve factual disputes in plaintiff's favor, *See Rio Props, Inc.*, 284 F.3d at 1019. Here, however, defendant has challenged plaintiff's vague and conclusory allegations with specific facts that plaintiff does not dispute. Based on plaintiff's failure to dispute defendant's

---

[2] To be clear, the court does not need to decide any issue of liability for copyright or trademark infringement to resolve the jurisdictional question and does not do so at this time.

**James C. Mahan**
**U.S. District Judge**

- 7 -

foregoing allegations, the court finds that Cline operates her business from the state of Ohio, belying the claims in her opposition that Nevada is her principal place of business.[3] Mountain thus had no reason to know that Cline had any connection to the state of Nevada. To the extent that defendant aimed any infringing conduct at Cline, that conduct was knowingly aimed only at the state of Ohio and not this district. Plaintiff's reliance on *Brayton* and *Panavision* is thus misplaced. *See* 606 F.3d at 1129; 141 F.3d at 1320.

Moreover, plaintiff cannot assert claims *pro se* on behalf of an LLC. *See Rowland*, 113 S.Ct. at 721; *Church of the New Testament v. United States*, 783 F.2d 771, 773–774 (9th Cir. 1986).[4] Throughout the pleadings in this matter, plaintiff blurs the lines between herself and Dark Monkey artfully.

At some points, she appears to consider both herself and Dark Monkey to be parties to this actions, while in others—most importantly, the complaint—, she appears to be suing only on behalf of herself, doing business as Dark Monkey. *Compare* ECF No. 6 at 1, caption to compl. (reading "SANTANTA CLINE d.b.a. The Dark Moneky"); ECF No. 6 at 2 ("Plaintiff SANTANTA CLINE d.b.a. THE DARK MONKEY ("CLINE") is a business owner . . . .") *with* ECF No. 6 at 2, compl. (stating "[p]laintiff [Dark Monkey] being located in the [d]istrict"); ECF No. 21 at 9 (stating that Mountain's conduct was "expressly aimed at the [p]laintiff*s* in Nevada) (emphasis added).

Based on the fact that the complaint indicates for the most part that there is one plaintiff—Ms. Cline *doing business as* Dark Monkey—and not two plaintiffs—Ms. Cline *and* Dark Monkey—, the court finds that Ms. Cline brings claims only on behalf of herself. That being the case, she cannot base personal jurisdiction or venue on the residency of the non-party Dark Monkey, even had she shown that defendant knew of the non-party's residency in this forum. If

---

[3] To be clear, the court accepts as true that plaintiff is a "Nevada business owner" because she owns Dark Monkey, a Nevada business. It rejects, however, her contention that its principal place of business is Nevada based on defendant's presentation of specific, unrefuted facts that demonstrate otherwise.

[4] Plaintiff argues that she can sue in her personal capacity to the extent she was directly and individually injured, although Dark Monkey may have a cause of action for the same alleged misconduct by defendants. (*See* ECF No. 21 at 2). Mountain and the other defendants have not argued otherwise. Plaintiff can do so, but if Dark Monkey is not a party to a given matter, she cannot use Dark Monkey's jurisdictional attributes to cure deficiencies in her individual action.

Ms. Cline, as a manager or owner of Dark Monkey, wishes to assert claims on behalf of the LLC, she must retain counsel to represent it. *See Rowland*, 113 S.Ct. at 721.

Because plaintiff has failed to demonstrate that defendant Mountain knowingly and expressly aimed intentional acts at this forum, the court cannot exercise jurisdiction over defendant. This is particularly true because the complaint's allegations and the pleadings demonstrate that non-party Dark Monkey is the only person or entity associated with this litigation that is a resident of this forum for purposes of jurisdictional analysis.

Plaintiff's claims against defendant Jennifer Mountain will be dismissed without prejudice to refiling in a district which may exercise jurisdiction over defendant. Plaintiff is advised that if, as a manager or owner of Dark Monkey, she wishes to advance claims on its behalf, she must cause it to retain counsel.

  B.  *Defendants DT Fashion and Fisher's motion to dismiss*

DT Fashion and Mr. Fisher argue that the court lack's personal jurisdiction over them. (*See* ECF No. 9). Fisher is an individual residing in Columbus, Ohio, and DT Fashion is an Ohio LLC with its principal place of business in Columbus. (*Id.* at 2). They advance arguments substantively similar to those of Ms. Mountain. (*See generally id.*)

Like Ms. Mountain, these defendants sell products through passive websites. There are no allegations in the complaint or elsewhere that defendants make significant sales in Nevada or maintain other systematic or continuous contacts with the forum state. General jurisdiction over these defendants is thus inappropriate. *See Schwarzenegger*, 374 F.3d at 803.

Turning to specific jurisdiction, the court finds that plaintiff has failed to satisfy the second and third elements of the purposeful direction analysis with respect to these defendants for the same reasons she failed to do so for defendant Mountain, as discussed above. Because the only aspect of plaintiff's business operations that touches the state of Nevada is the organization of non-party Dark Monkey as a Nevada LLC, defendants did not expressly aim intentional conduct at this forum that would result in foreseeable harm. *See Bancroft*, 223 F.3d at 1087.

Plaintiff's claims against defendants DT Fashion and Elliot Fisher will be dismissed without prejudice to refiling in a district which may exercise jurisdiction over them.

  *C. Defendant Ezanidis' motion to dismiss*

Defendant Ezanidis argues that plaintiff's claims against him should be dismissed for lack of personal jurisdiction and failure to state a claim. (*See* ECF No. 22). His jurisdictional arguments

are similar to those of the defendants discussed above. (*Id.*) Ezanidis is an attorney in Ohio. (*Id.* at 2). His only ownership in any entity is his interest in Peter Ezanidis Esq., LLC, an Ohio LLC through which he conducts his law practice. (*Id.*) Defendant represents defendant DT Fashion as its attorney. (*Id.*)

Ezanidis has never participated in the sale of any merchandise in the state of Nevada or elsewhere, possesses no pecuniary interest in DT Fashion or any other allegedly infringing entity, and does not operate a website that sells apparel. (*Id.* at 5, Ezanidis Aff. ¶¶ 4–5). There are no allegations in the complaint or elsewhere that defendant maintains other systematic or continuous contacts with the forum state. General jurisdiction over defendant is thus inappropriate. *See Schwarzenegger*, 374 F.3d at 803.

Plaintiff instead alleges that Ezanidis conspired with DT Fashion and Fisher to infringe on her trademarks and copyrights. Without deciding whether plaintiff's conspiracy allegations against defendant actually state a plausible claim for relief, the court finds that it lacks personal jurisdiction.

Plaintiff has failed to satisfy the second and third elements of the purposeful direction analysis with respect to Ezanidis for the same reasons she failed to do so for defendant Mountain, as discussed above. Because the only aspect of plaintiff's business operations that touches the state of Nevada is the organization of non-party Dark Monkey as a Nevada LLC, defendants did not expressly aim intentional conduct at this forum that would result in foreseeable harm. *See Bancroft*, 223 F.3d at 1087.

Plaintiff's claims against defendant Ezanidis will be dismissed without prejudice to refiling in a district which may exercise jurisdiction over him.

D.   *Judge Ferenbach's report and recommendation*

Based on defendant Etsy's motion to compel or, alternatively, transfer venue (ECF No. 26), Judge Ferenbach recommends that the court compel arbitration of plaintiff's claims against Etsy. (*See* ECF No. 40 at 6). He further recommends that the motion to transfer be denied without prejudice and the action be stayed pending the outcome of the arbitration proceeding. (*Id.*)

After reviewing the briefing to Etsy's motion, the magistrate judge found that the Etsy terms of use agreement constitutes a binding and enforceable contract. (*Id.* at 4–5). He determined that Cline registered with Etsy, accepted the terms of use by clicking an appropriate box on Etsy's registration webpage, and thereby entered a binding agreement with Etsy. (*Id.* at 5). He also found

**James C. Mahan
U.S. District Judge**

- 10 -

that the agreement contained a valid arbitration agreement and that the arbitration provision encompasses Cline's claims for copyright and trademark infringement. (*Id.*)

Plaintiff objects to the findings and recommendation. (ECF No. 41). The heart of plaintiff's objection is her denial that she ever maintained an account on Etsy. (*See id.*) She argues that she did not have a storefront on Etsy's website. (*Id.*) Therefore, she did not accept the terms of use, and no binding agreement existed between plaintiff and Etsy. (*Id.*)

As explained above, this court reviews a magistrate judge's report and recommendation *de novo*. Judge Ferenbach found that "Cline does not dispute she registered with Etsy and appears to acknowledge she did, at one time, maintain an active account with Etsy." (ECF No. 40 at 5). Plaintiff argues that she has denied the existence of the account throughout her opposition to Etsy's motion to compel. (ECF No. 41 at 1–2).

The court finds that plaintiff's complaint is silent with regard to whether she ever maintained an account or storefront, at any point in time, with Etsy. (ECF No. 6) Etsy's motion is the first time the issue of the existence of an account was raised in this matter. (ECF No. 26). In order to show the existence of an agreement between plaintiff and Etsy, Etsy submitted the sworn testimony[5] of Sarah Feingold alongside its motion. (*See* ECF No. 27).

Ms. Feingold is in-house intellectual property counsel for Etsy. (*See* ECF No. 27 at 2). She testifies that plaintiff registered with Etsy on October 22, 2010. (*Id.*) She indicates that Cline maintained the account until it was terminated by Etsy on November 20, 2013. (*Id.*)[6] Ms. Feingold testifies further that "[i]n order to complete her registration, Cline was required to agree to Etsy's [t]erms of [u]se by clicking on a checkbox." (*Id.*)

Reviewing the briefing on the motion to compel, it does appear that plaintiff denies ownership of any Etsy account, at any point in time. (*See* ECF No. 32, 38). Plaintiff offers no evidence to support her bald assertion that no account exists, however, and her assertion directly contradicts the sworn testimony that defendants provided to the court. Plaintiff did not provide a declaration or affidavit, despite having multiple opportunities to present evidence on behalf of her position that she did not maintain an account.

---

[5] Under Federal Rule of Civil Procedure ("Rule") 43(c), the court may consider affidavits as evidence when the motion relies on facts outside the record, as here. *See* FED. R. CIV. P. 43(c).

[6] Feingold testifies that the account was terminated due to "Cline's poor customer service and her repeated issues with non-delivery of goods. (*See* ECF No. 27 at 2).

James C. Mahan
U.S. District Judge

- 11 -

The court finds that the only evidence before it on the issue of Ms. Cline's Etsy account is the competent testimony of Ms. Feingold. That evidence indicates that Cline did in fact operate an account on Etsy for a period of approximately three years. Registration of the account required Cline to agree to the terms of use agreement. Without any supporting evidence on the record, the court declines to entertain Ms. Cline's denial of the account via briefing. The court thus finds that Ms. Cline did maintain an account, accept the terms of use agreement, and enter into a binding and valid arbitration provision.

Plaintiff does not object to the magistrate judge's finding that plaintiff's claims in this matter are subject to the arbitration provision in Etsy's terms of use agreement. Similarly, she does not dispute that the arbitration provision survived the termination of her account. The Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Nevertheless, the court finds it appropriate to engage in a *de novo* review of all the findings in the report to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the report, the briefing on the motion to compel, and Judge Ferenbach's findings with respect to the scope and survivability of the arbitration provision, the court finds that good cause appears to adopt the magistrate judge's findings and recommendation, consistent with the foregoing.

E.     *Plaintiff's motion for entry of clerk's default*

Plaintiff filed a motion for entry of clerk's default under Rule 55(b)(1), arguing that defendant Etsy had "failed to plead or otherwise defend" under Rule 55(a). (ECF No. 39). The clerk referred the motion to the court because Etsy had appeared on the record and filed the motion to compel discussed above. Rule 12 generally allows properly-served defendants twenty-one days to serve a responsive pleading to the complaint. FED. R. CIV. P. 12(a)(1)(A)(i). That period is tolled, however, by serving a motion under Rule 12(b). *See* Fed. R. Civ. P. 12(a)(4)(A) and (B).

While a motion to compel is not included in the motions enumerated in Rule 12(b), courts in other districts have traditionally considered certain pretrial motions, including motions to compel arbitration, as a Rule 12(b) motion for purposes of Rule 12(a)(4). *1 Foot 2 Foot Ctr. for*

James C. Mahan
U.S. District Judge

- 12 -

*Foot & Ankle Care, P.C. v. DavLong Bus. Sols., LLC*, 631 F. Supp. 2d 754, 756 (E.D. Va. 2009) (quoting *Creative Tile Mktg., Inc. v. SICIS Int'l, S.r.L*, 922 F.Supp. 1534, 1537 n. 1 (S. D. Fla. 1996)); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (recognizing that a motion to stay pending arbitration has been treated as a responsive pleading and can be brought under the scope of Fed.R.Civ.P. 12(b); *Armendariz v. Ace Cash Express*, 2013 WL 3791438, *3–4 (D. Ore. July 19, 2013). Plaintiff does not city any contrary authority in this district or any other. The court finds the non-binding authority persuasive.

Accordingly, plaintiff's motion will be denied.

### IV.     Conclusion

The court finds that it cannot exercise personal jurisdiction over defendants DT Fashion, Elliot Fisher, Jennifer Mountain, or Peter Ezanidis. Their respective motions to dismiss under Rule 12(b)(2) are granted. Plaintiff's claims against those defendants are dismissed without prejudice to refiling in a jurisdiction which may properly exercise jurisdiction over them. Having conducted a *de novo* review of Judge Ferenbach's report and recommendation, they will be adopted consistent with the foregoing. Etsy's motion to compel arbitration is granted, its motion to transfer is denied without prejudice, and the action is stayed pending the outcome of the arbitration. Finally, plaintiff's motion for entry of clerk's default is denied.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants DT Fashion, LLC and Elliot Fisher's motion to dismiss for lack of personal jurisdiction (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Jennifer Mountain's motion to dismiss for lack of personal jurisdiction (ECF No. 13) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Peter Ezanidis' motion to dismiss for lack of personal jurisdiction (ECF No. 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Santana Cline's claims against defendants DT Fashion, LLC; Elliot Fisher; Jennifer Mountain, and Peter Ezanidis be, and the same hereby are, dismissed without prejudice.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Ferenbach (ECF No. 40) be, and the same hereby are, ADOPTED, consistent with the foregoing.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that defendant Esty, Inc.'s motion to compel arbitration (ECF No. 26) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Esty, Inc's motion to transfer venue to the Southern District of New York in the alternative (ECF No. 26) be, and the same hereby is, DENIED without prejudice, pending the outcome of arbitration.

IT IS FURTHER ORDERED that plaintiff Santana Cline's motion for entry of clerk's default (ECF No. 39) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this action be, and the same hereby is, STAYED pending the conclusion of arbitration.

DATED May 23, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**