UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SANTANA CLINE, | Case No. 2:15-CV-2115 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ETSY, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant Brad Campen's motion to set aside the clerk's entry of default.[1] (ECF No. 48). No response was filed, and Campen has submitted a notice of non-opposition highlighting that point. (ECF No. 54).

Federal Rule of Civil Procedure 55(c) authorizes the court to "set aside an entry of default for good cause." "The district court has discretion to determine whether a party demonstrates good cause." *Yan v. Gen. Pot, Inc.*, 78 F. Supp. 3d 997, 1003 (N.D. Cal. 2015) (internal quotation marks omitted) (citing *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)).

Defendant argues in his motion, *inter alia*, that "[p]laintiff [Santana Cline] never served or attempted to personally serve the Amended Complaint on movant" and that the original complaint was sent to an address where he has never resided. (ECF No. 48 at 3). Additionally, Campen reveals his intention to contest the court's personal jurisdiction over him in this matter. (*Id.*).

The local rules have the force of law. *See United States v. Hvass*, 355 U.S. 570, 574–575 (1958). Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Therefore,

---

[1] Defendant indicates that his name is misrepresented on the docket as "Brad Campden." (ECF No. 48).

**James C. Mahan**
**U.S. District Judge**

1 | plaintiff has constructively consented to this court's setting aside the clerk's entry of default
2 | against Campen.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion (ECF No. 48) be, and the same hereby is, GRANTED.

DATED May 24, 2017.

_____
UNITED STATES DISTRICT JUDGE