UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SANTANA CLINE,<br><br>Plaintiff(s),<br><br>v.<br><br>ETSY, INC., et al.,<br><br>Defendant(s). | Case No. 2:15-CV-2115 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Santana Cline's ("Cline") motion for reconsideration. (ECF No. 75). Defendants Brad Campden ("Campden") and Etsy Inc. ("Etsy") filed separate responses. (ECF Nos. 76, 77). Cline did not file a reply, and the time to do so has passed.

Also before the court is Etsy's motion for attorney's fees. (ECF No. 72). Cline has not filed a response, and the time to do so has passed.

**I.      Background**

Cline, a *pro se* litigant, initiated this copyright infringement action against defendants on November 4, 2015. (ECF No. 1). On December 4, 2015, Cline filed her amended complaint, asserting claims against defendants Etsy, Elliot Fisher, Brad Campden, Jennifer Mountain, Peter Ezanidis, Maria Walker, "Dentz," and DT Fashion. (ECF No. 6). Following Cline's filing of the amended complaint, a complex procedural history commenced, which the court will now explain, in relevant part.

On December 30, 2015, the clerk entered default against defendant Brad Campden. (ECF No. 18). On January 15, 2016, Etsy filed a motion to compel arbitration pursuant to Etsy's terms

**James C. Mahan**
**U.S. District Judge**

of use policy, (ECF No. 26), which the court granted on May 23, 2016.[1] (ECF No. 43). As a result, the case was stayed pending the conclusion of arbitration. *Id.*

On July 11, 2016, plaintiff Cline filed a "notice of failure to arbitrate" and motion to lift stay. (ECF No. 44). In her motion, Cline asserted that there was no basis to initiate arbitration, as the unsigned copy of Etsy's arbitration agreement cannot serve as the basis of arbitration with JAMS. *Id.* However, Magistrate Judge Ferenbach denied Cline's motion on August 17, 2016, noting that Cline "has raised, and this court has rejected, a similar argument before." (ECF No. 47 at 1).

On May 24, 2017, this court granted defendant Brad Campden's motion to set aside clerk's entry of default. (ECF No. 55). On April 18, 2018, Etsy filed a motion to dismiss for want of prosecution, noting that Cline had failed to take any action regarding her case within the last 700 days preceding the motion, despite the court's order compelling arbitration. (ECF No. 60). Accordingly, the court lifted the stay on April 27, 2018. (ECF No. 62). Thereafter, the court granted Etsy's motion to dismiss, finding

> [Cline] refused to participate in the arbitration process, and has not prosecuted her case for the last 700 days. [Cline's] failure to appear in this case for over two years prejudices defendants and strains the court's ability to manage its docket. *See id.* In addition, the court has reviewed defendant Etsy Inc.'s motion [to dismiss], and the motion presents meritorious arguments that favor dismissal of plaintiff's complaint.

(ECF No. 68 at 2).

In accordance with the court's order granting Etsy's motion to dismiss, the clerk of court entered final judgment against Cline on May 7, 2018. (ECF No. 69). However, on the same day, *after* the court's filing of its order and final judgment, the clerk of court docketed a response to Etsy's motion to dismiss that Cline had filed by mail. (ECF No. 71). As Cline correctly notes, despite the court's automated briefing schedule setting a response due date of May 2, 2018, Cline was entitled to three (3) additional business days in which to file her response to Etsy's motion,

---

[1] The court granted Etsy's motion to compel arbitration in accordance with Magistrate Judge Ferenbach's February 19, 2016, report and recommendation. (ECF No. 40).

pursuant to FRCP 6(d).[2] Therefore, Cline's response to Etsy's motion to dismiss was timely filed, and the court's order granting Etsy's motion to dismiss without considering the timely filed response was premature.

Nevertheless, on May 21, 2018, Etsy filed the instant motion for attorney's fees. (ECF No. 72). On the same day, Etsy also filed a bill of costs. (ECF No. 73). On June 4, 2018, Cline filed the instant motion for reconsideration pursuant to FRCP 59. (ECF No. 75).

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

## III. Discussion

Public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). As neither the motion to dismiss nor the court's reason for granting the motion were based on the underlying merits of the case, and in light Cline's timely response to Etsy's motion to dismiss, the court will grant Cline's motion to reconsider. *See Kona Enters.,* 229 F.3d at 890.

---

[2] *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also* Fed. R. Civ. P. 6(a) (providing that when computing time, include the last day of the period, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

James C. Mahan
U.S. District Judge

- 3 -

However, despite the foregoing clerical errors, the fact remains that on May 23, 2016, the court ordered the parties to arbitrate Cline's claims. (ECF No. 43). Thereafter, Cline failed to properly initiate arbitration with defendants for over two years. *See* (ECF No. 68). As the court is unable to resolve plaintiff's claims until the parties have concluded arbitration, the court will grant Cline thirty (30) days to provide the court with proof that she has successfully initiated the arbitration process with the parties in accordance with the court's orders, *including* paying the costs of filing with JAMS ADR services. *See* (ECF Nos. 40, 43, 47).

Failure to comply with the court's order will result in dismissal for failure to prosecute. The court will not entertain any further arguments from Cline regarding the propriety of the court's order to compel arbitration, or any facts or circumstances that may hinder her ability to initiate the arbitration process. The court has already considered these arguments, and it declines to address any new arguments on the matter. *See Kona Enters., Inc.*, 229 F.3d at 890 (A motion for reconsideration is an improper vehicle "to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation."). If Cline wishes to see her case proceed in this court, she must take the steps prescribed by the court.

In light of the foregoing, the court will deny Etsy's motion for attorney's fees, without prejudice. The court will entertain a new motion by Etsy if Cline fails to initiate the arbitration process in the time prescribed.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the court's order granting Etsy's motion to dismiss (ECF No. 68) and clerk's judgment (ECF No. 69), both dated May 7, 2018, be, and the same hereby are, VACATED.

IT IS FURTHER ORDERED that Etsy's motion for attorney's fees (ECF No. 72) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Cline's motion for reconsideration (ECF No. 75) be, and the same hereby is, GRANTED.

James C. Mahan
U.S. District Judge

- 4 -

IT IS FURTHER ORDERED that Cline shall provide a notice to the court within thirty (30) days from the date of this order evidencing Cline's successful initiation of the arbitration process with JAMS, and previously ordered by the court. Failure to do so will result in dismissal for lack of prosecution.

DATED December 6, 2018.

_____
UNITED STATES DISTRICT JUDGE